**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: May 22 2012

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-33439 |
| | ) | |
| Beauregard Maximillion Harvey, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING
### MOTION TO COMPEL TRUSTEE TO TURN OVER FUNDS

This case came before the court for hearing on Creditor Lisa Harvey's motion to compel the Chapter 7 Trustee to turn over one-half of the funds received by the estate from the sale of personal property consisting of a 1989 Mastercraft Boat ("Motion") [Doc. # 42] and the Trustee's objection [Doc. #46]. The issue raised by the Motion is whether a 1989 Mastercraft boat ("the Boat") is property of the bankruptcy estate in its entirety or whether Ms. Harvey has a one-half equitable interest in the Boat under an express trust theory when the certificate of title is in Debtor's name only. At the hearing, the parties had the opportunity to, and did, present testimony and other evidence in support of their respective positions. In addition, Ms. Harvey was granted additional time to supplement the record with a certified copy of her final divorce decree. [*See* Doc. # 51].

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference.

28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. This proceeding is a core proceeding that the court may hear and determine under 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O). For the reasons that follow, the Motion will be denied.

## FACTUAL BACKGROUND

Ms. Harvey was married to Debtor Beauregard Harvey. On May 18, 2010, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On September 20, 2010, Ms. Harvey filed a proof of claim, asserting a secured interest in the amount of $2,000.00 in the Boat, which she valued at $4,000.00. On the proof of claim, she indicates that the Boat is "marital property."

In November 2010, after Debtor's bankruptcy case was commenced and pursuant to a stipulated order for relief from the automatic stay [Doc. # 20], a Consent Judgment Entry of Final Divorce was entered by the Court of Common Pleas of Lucas County, Ohio. [*See* Doc. # 51]. The final divorce decree provides that "if the bankruptcy court does not take the 1998 [sic] Mastercraft boat, the parties shall sell the boat and split the proceeds equally." [*Id.* at ¶ 15].

On March 24, 2011, the Trustee filed a motion to sell the Boat at public auction. As stated in Ms. Harvey's Motion, the Boat was sold, netting the estate, after the auctioneer's fees and expenses, $5,147.67.

Ms. Harvey testified that the Boat was purchased from a friend in the Spring of 2007 for the purpose of using it for family outings. She testified that it was purchased with "mutual money" and was intended to be owned by both her and Debtor. According to Ms. Harvey, she is unsure whether she was otherwise employed at that time but that she was working without pay at her husband's law office. Some improvements were added to the Boat, such as new seat covers, ski bars and a radio, that were paid for with "marital funds." The Boat was used by the Harvey family every weekend during the Summer of 2007. Ms. Harvey testified that she paid for a storage unit for the Boat from October until April 2008. However, she and Debtor separated in April 2008. Thereafter, she does not know where the Boat was stored.

Although the Boat was purchased in the Spring 2007, title was not actually transferred until July 2008, after Ms. Harvey and Debtor had separated. [*See* Trustee's Ex. A & Ex.A attached thereto]. Ms. Harvey is not named as an owner on the Certificate of Title. The title is in Debtor's name only. [*Id.*]. Ms. Harvey testified that she did not know why there was a delay in transferring the title and she offered no explanation as to why the Boat was titled in Debtor's name only.

2

## LAW AND ANALYSIS

The issue before the court is whether the Boat was, in its entirety, property of the bankruptcy estate and, thus, whether all of the net proceeds from the sale of the Boat are property of the estate. According to Ms. Harvey, an express trust exists under which she has a one-half interest and is, thus, entitled to one-half of the net sale proceeds. The Trustee, for her part, relies on the Certificate of Title for the Boat showing that Debtor is the sole owner.

The bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) . . . of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." *Id.* § 541(d). If Ms. Harvey had a one-half equitable interest in the Boat pursuant to an express trust, under § 541(d), she would be entitled to one-half of the net sale proceeds.

The court's determination of whether Ms. Harvey had an interest in the Boat pursuant to an express trust is governed by Ohio law. *See Butner v. United States*, 440 U.S. 48, 54 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law"). Ohio's Watercraft Certificates of Title Act provides in relevant part as follows:

> No person acquiring a watercraft or outboard motor from the owner thereof, whether such owner is a manufacturer, importer, dealer, or otherwise, shall acquire any right, title, claim, or interest in or to such watercraft or outboard motor until such person has had issued to him a certificate of title to such watercraft or outboard motor, or delivered to him a manufacturer's or importer's certificate for it. Nor shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title, or manufacturer's or importer's certificate for such watercraft or outboard motor, for a valuable consideration.
>
> No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any watercraft or outboard motor sold or disposed of, or mortgaged or encumbered, unless evidenced:
>
> (A) By a certificate of title. . .;
>
> (B) By admission in the pleadings or stipulation of the parties.

Ohio Rev. Code § 1548.04.

This section is essentially identical to § 4505.04 of the Ohio Revised Code, the section governing

3

certificates of title for motor vehicles. The court has previously found in the context of an express trust relating to a motor vehicle that, despite the apparent clarity of the statute, it does not preclude the court from recognizing, if the alleged facts were proven at trial, that an express trust was created, with the beneficial interest in the motor vehicle owned by someone other than the debtor, and that the debtor's legal title to, and not the equitable interest in, the motor vehicle becomes property of the bankruptcy estate. *Kovacs v. Burr (In re Burr)*, Adv. No. 01-3174 (Bankr. N.D. Ohio Feb. 7, 2002); *In re Groves*, No. 05-76317, 2006 WL 6211798, 2006 Bankr. LEXIS 4376 (Bankr. N.D. Ohio Apr. 13, 2006); *see also In re Amos,* 201 B.R. 184 (Bankr. N.D. Ohio 1996) (explaining that Ohio law recognizes the beneficial interest in a motor vehicle created by an express trust); *In re Ward,* 300 B.R. 692, 694 (Bankr. S.D. Ohio 2003) (excluding from property of the estate a non-debtor's beneficial interest in a vehicle under an express trust); *Bavely v. Powell (In re Baskett)*, 219 B.R. 754, 761-62 (B.A.P. 6th Cir. 1998) (adopting the reasoning in *Amos* and concluding that a claim of an express trust may have merit as a defense to a trustee's turnover action, even though the vehicle was titled in the debtor's name); *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.)*, 16 F.3d 1443, 1449 (6th Cir. 1994) (stating that "[a] debtor that served prior to bankruptcy as trustee of an express trust generally has no right to the assets kept in trust, and the trustee in bankruptcy must fork them over to the beneficiary.").

Under Ohio law, "[a]n express trust is 'a fiduciary relationship with respect to property, arising as a result of a manifestation of an intention to create it and subjecting the person in whom the title is vested to equitable duties to deal with it for the benefit of others.'" *Gabel v. Richley*, 101 Ohio App.3d 356, 362-63 (1995) (quoting 5 Scott on Trusts § 462.1, at 310 (4th ed.1967)). A formal trust agreement is not necessary; rather, a trust can be shown to exist from the circumstances surrounding its creation. *Ulmer v. Fulton*, 129 Ohio St. 323, 339-40 (1935). The Ohio Supreme Court articulated the critical elements needed to prove the existence of an express trust as follows:

> "While its elements have been variously stated to constitute an express trust there must be an explicit declaration of trust, or circumstances which show ... that a trust was intended to be created, accompanied with an intention to create a trust, followed by an actual conveyance or transfer of lawful, definite property or estate or interest, made by a person capable of making a transfer thereof, for a definite term, vesting the legal title presently in a person capable of holding it, to hold as trustee for the benefit of a cestui que trust or purpose to which the trust fund is to be applied; or a retention of title by the owner under circumstances which clearly and unequivocally disclose an intent to hold for the use of another."

*Id.* In *Ulmer,* the court explained that the trustee's "words and acts must clearly and unmistakably denote an intention to hold certain property thenceforth as trustee for the benefit of another; the essentials of a trust must exist." *Id.* at 340. The party asserting the existence of an express trust has the burden of establishing, by clear and convincing evidence, that a trust was created. *In re Toland*, 346 B.R. 444, 448 (Bankr. N.D. Ohio 2006) (citing *Gertz v. Doria*, 63 Ohio App. 3d 235, 237 (1989)).

Where courts have found an express trust with respect to a titled vehicle, the facts clearly demonstrate the debtor's intent to hold title to the vehicle at issue for the use of another. For example, in *In re Amos*, the court found an express trust existed where the debtor agreed to take legal title to a van simply as an accommodation in order to overcome a problem raised by the dealer of titling the van in her boyfriend's name. *In re Amos*, 201 B.R. at 185, 186. The debtor's boyfriend paid for the van and the van was used exclusively by him. *Id.* at 185. Similarly, in *In re Groves*, this court found an express trust existed where the debtor's son obtained a loan for the purpose of purchasing the vehicle at issue, gave the debtor a check made out to the previous owner as payment for the vehicle so that his mother could complete the purchase on his behalf while he returned to school. *In re Groves*, 2006 WL 6211798 at *1 and 5. On the day of the purchase, the debtor delivered the vehicle to her son, her son had possession of the vehicle thereafter, and her son made all of the payments on the loan obtained for the purpose of purchasing the vehicle. *Id.* at *1. The court concluded that the debtor held legal title to the vehicle solely for the benefit of her son. *Id.* at *5.

In this case, Ms. Harvey's assertion of an equitable one-half interest in the Boat is based on her testimony that the Boat was purchased with marital funds for family use, that it was intended to belong to both her and Debtor, and that she paid the storage fees for the Boat until she and Debtor were separated. This testimony, however, does not go far enough. *See In re Young*, Case No. 11-61195, 2012 Bankr. LEXIS 1169 (Bankr. E.D. Mich. Mar. 20, 2012)(under Michigan trust law, evidence insufficient to prove express trust overcoming certificate of title showing "family" car in debtor husband's name only). Debtor did not take title to the Boat until after he and Ms. Harvey were separated. Ms. Harvey offers no evidence showing that Debtor took title to the Boat in his name with the intention of holding it as trustee for her use and benefit. She offers no evidence that she used the Boat, or even that such use was available to her, after the Boat was titled in Debtor's name. Rather, Ms. Harvey testified that she stopped paying storage fees and did not even know where Debtor kept the Boat after their separation. These facts are in sharp contrast to those presented in *In re Amos* and *In re Groves*, which clearly demonstrated the debtor's intent to take title to the

5

vehicles at issue in those cases for the benefit of another.

Moreover, Ms. Harvey's reliance on the fact that the Boat was purchased with "marital funds" does not result in the one-half interest claimed by her. Ohio is not a community property state. Rather, under Ohio law, with certain exceptions not applicable here, "[n]either husband nor wife has any interest in the property of the other. . . ." Ohio Rev. Code § 3103.04; *see* Ohio Rev. Code § 3103.07 ("A married person may take, hold, and dispose of property, real or personal, the same as if unmarried."). "Marital property," is defined in Ohio Revised Code § 3105.171 and becomes applicable only during a divorce or separation proceeding. *In re Toland*, 346 B.R. at 448-49; Ohio Rev. Code § 3105.171 (defining marital property "[a]s used in this section" and providing, generally, that "the division of marital property shall be equal.").

To the extent that Ms. Harvey contributed funds for the purchase and improvement of the Boat, her arguments might support an equitable interest determination under a constructive trust theory. *See Aetna Life Ins. Co. v. Hussey*, 63 Ohio St. 3d 640, 642 (1992) (explaining that a constructive trust is designed to prevent fraud, unjust enrichment or other inequity). However, a constructive trust is a remedy that does not exist until there is a judicial determination that it is warranted. *Wilson*, 16 F.3d at 1449 ("A constructive trust is a legal fiction, a common-law remedy in equity that may only exist by the grace of judicial action"). As the Sixth Circuit explains in *Wilson*, because the bankruptcy estate consists of assets of the debtor as of the commencement of the case, "[u]nless a court has already impressed a constructive trust upon certain assets . . ., the claimant cannot properly represent to the bankruptcy court that [s]he was, at the time of the commencement of the case, a beneficiary of a constructive trust held by the debtor." *Id.* The Harveys' state court divorce decree contemplates the Boat as property of the bankruptcy estate, with its sale and equal division of proceeds arising only "if the bankruptcy court does not take the 1998 Mastercraft boat." The court finds that this provision does not amount to judicial action impressing a constructive trust on the Boat in favor of Ms. Harvey as an equitable remedy. Rather it is part of a comprehensive and consensual division of property interests in a divorce decree. Moreover, the final decree of divorce was entered after Debtor filed his Chapter 7 petition. Even if this provision in the decree amounts to judicial action impressing a constructive trust on half of the Boat in favor of Ms. Harvey, its post-petition timing overcomes any argument that she was a beneficiary of a constructive trust impressed by another court as of commencement of the bankruptcy case as required by *Wilson*.

## **CONCLUSION**

Having failed to show circumstances that clearly and unequivocally disclose Debtor's intent to hold
6

title to the Boat as trustee for her benefit, Ms. Harvey has not met her burden of showing the existence of an express trust and her Motion will be denied. The court will enter a separate order in accordance with this Memorandum of Decision.